# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL, )
)
        Plaintiff, )
) CIVIL ACTION
v. )
) No. 10-1069-CM
)
CENTERA BANK, SUBLETTE, )
KANSAS, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiffs Gerald Ray and Letha Wedel, husband and wife, originally brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate their constitutional rights through certain state court proceedings originating in Haskell County, Kansas. (possibly Case Nos. 2003-CV-18; 2009-CV-30). Gerald Wedel is the only remaining plaintiff. This case is before this court on the following twelve (12) motions:

    Defendant Kim R. Schroeder's Motion to Dismiss (Doc. 17);

    Plaintiff's Motion to Strike (Doc. 25) relating to, *inter alia*, this motion to dismiss;

    Defendants Centera Bank, Michael Stevens, Santa Fe Trail Bank Shares, Inc., and Aaron L. Kite's ["the bank defendants"] Motion to Dismiss (Doc. 27);

    Plaintiff's Motion to Strike With A Request (Doc. 32) relating to this motion to dismiss;

    Kim R. Schroeder's Motion for Protective Order (Doc. 35);

    Plaintiff's Motion for an Emergency Injunction (Doc. 36);

    Plaintiff's Motion to Strike With A Request (Doc. 39) relating to the motion for protective order;

Plaintiff's Motion for Default Judgment (Doc. 42);

Plaintiff's Motion for Protective Order (Doc. 47);

Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 52);

Plaintiff's Motion to Claim and Exercise Constitutional Rights and for Ruling (Doc. 53); and

Plaintiff's Motion for Emergency Protective Order (Doc. 55).

The court makes rulings as set out below, and dismisses the case.

## I. Factual and Procedural Background

Plaintiff's complaint alleges a number of wrongs purportedly arising from state court proceedings originating in Haskell County, Kansas. Plaintiff alleges that this court has subject matter jurisdiction based on diversity and on unspecified constitutional grounds, due to alleged violations of his civil rights; and due to violations of unspecified federal and state statutes. In particular, plaintiff states that his claim is based on violations of his rights to due process; fraud; racketeering and treason; the unlawful taking of property; and the violation of "federal laws on UCC Financing Statement and UCC Financing Statement Addendum." To substantiate the claims, plaintiff alleges, *inter alia*, that "the Court DECLARED WAR ON THE PLAINTIFF and called the PLAINTIFF a little green ALIEN FROM OUTER SPACE, and CUSSED at [plaintiff] on the PHONE." (Doc. 1, at 5–6.) He conventionally filed five (5) exhibits to his complaint. He demands that his "constitutional rights [be] given back." (Doc. 1, at 6.) In addition, he seeks a total of $53,432,171 in damages.

Defendant Judge Schroeder individually, and the bank defendants collectively, filed motions to dismiss. (Docs. 17, 27.) Rather than responding to these motions, the plaintiff filed motions to

strike.¹ (Docs. 25, 32.) The second of these motion, within its 24 pages, includes a request that this court require the bank defendants' attorney, David Rebein, to "prove" a laundry list of things by way of affidavit. (Doc. 32, at 15–17.)

As a preliminary matter, the court finds no merit in plaintiff's motions to strike. He appears to allege that the defendants' motions to dismiss are frivolous and unsupported by law. Motions to strike are a matter within the court's discretion, and are generally disfavored. *Dockhorn v. Kitchens By Kleweno*, No. 08-2307, 2010 WL 1196425, at *2 (D. Kan. Mar. 23, 2010). The motions to strike filed here are full of conclusory allegations and recitations of legal standards and definitions that do not appear to relate to the dispositive motions to which they are directed. They fail to address why defendants' filings should be stricken and are largely repetitive. Thus, to the extent plaintiff seeks to strike defendants' motions to dismiss, (Docs. 25, 32), those motions and the requests contained therein are denied.

Common to defendants' motions are the assertions that plaintiff's pleadings fail to state a claim upon which relief can be granted. Defendant Schroeder additionally asserts the defense of judicial immunity, and that plaintiff's civil rights claims are barred to the extent they are against him in his official capacity. The motion filed by the remaining defendants additionally asserts that the court lacks subject matter jurisdiction and that the clams should be dismissed under Rule 12(b)(1).

Although not every motion mentions it, the court addresses the jurisdictional question first.

## II. Jurisdiction

Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when

---

¹ Plaintiff's first Motion to Strike was also responsive to, and sought to strike, defendant Schroeder's motion to stay discovery and memorandum in support. (Docs. 15, 16.) United States Magistrate Judge Karen Humphreys granted defendant's motion to stay, and, to the extent plaintiff's motion sought to strike that motion, it was denied. (Doc. 31.)

authorized. *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24, 2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a presumption against federal jurisdiction, *Marcus v. Kans. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999), and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper, *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Mere conclusory allegations of jurisdiction are not enough. *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

When, as here, a plaintiff proceeds *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," *Sears*, 1987 WL 15547, at *1, the court will not construe the plaintiff's complaint to create jurisdiction where there is none. Under rule 12(b)(1) Federal Rules of Civil Procedure, this court may dismiss a claim for lack of subject matter jurisdiction.

This court is concerned about its jurisdiction. Although not every motion before the court addresses this threshold issue, the court has an independent duty to determine whether it has jurisdiction over this matter. *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986). Federal district courts have original jurisdiction over civil actions arising under federal law; and jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. §§ 1331, 1332. Plaintiff's complaint fails to allege complete diversity of citizenship. Indeed, the complaint itself

indicates that all parties to this action are Kansas residents. (Doc. 1, at 2–3.) And although plaintiff's complaint also asserts that jurisdiction is based on constitutional violations, civil rights violations, bankruptcy code violations, and violations of "federal laws," plaintiff's allegations are merely conclusory. Likewise, plaintiff's "responses" in the motions to strike touch upon a variety of subjects, which—even liberally construed—fail to establish this court's jurisdiction. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Due to the nature of the pleadings, this court is uncertain of its jurisdiction in this case.

## II.    Failure to State a Claim

To the extent this court has jurisdiction over this matter, the court finds that plaintiff's complaint is subject to dismissal because it fails to state a claim upon which relief could be granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Although the court construes plaintiff's pleadings liberally, *McBride*, 240 F.3d at 1290 (10th Cir. 2001), plaintiff's *pro se status* does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

The court need not accept as true those allegations that state only legal conclusions. *See id.* at 1110. And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (quotations and citations omitted).

Furthermore, in a case in which *in forma pauperis* status has been granted, the court is to dismiss the case if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A district court may also dismiss a complaint filed by an *in forma pauperis* plaintiff for lack of personal jurisdiction and for improper venue, even though such defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised. *Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006).

In a section of the form complaint entitled "Statement of Claim,"[2] plaintiff refers to Exhibits A, B, C, D, and E, and states:

> Violation of PLAINTIFFS CONSTITUTIONAL RIGHTS TO DUE PROCESS, FRAUD, FRAUD ON THE COURT, RACKETEERING, TREASON. The Court REFUSED to set HEARINGS for the PLAINTIFFS but set HEARINGS for the DEFENDANTS. The Court DECLARED WAR ON THE PLAINTIFF and called the PLAINTIFF a little green ALIEN FROM OUTER SPACE, and CUSSED at PLAINTIFFS on the PHONE. Plaintiffs property was taken without a court order along with EXEMPT PROPERTY, and all parties have violated FEDERAL LAWS ON UCC Financing statement and UCC Financing Statement Addendum.

(Doc. 1, at 5–6.) He notes that his claims were presented to the Haskell County District Court in "Cases # 2003-CV-18, and 2009-CV-30" but after the court "REFUSED to take up any ISSUES," he

---

[2] This section of the form complaint directs: "State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim(s)."

filed his claims with the Federal Bureau of Investigation in Washington D.C. but received no response. He seeks damages, including punitive damages, totaling over $53,000,000. The exhibits to the complaint, to which plaintiff refers in his statement of claim, were filed conventionally due to privacy concerns and sheer volume.[3]

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And under the "plausibility" standard that now guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them. *Robbins*, 519 F.3d at 1248. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing *Twombly*, 550 U.S. at 556 n.3.) Plaintiff's complaint fails to meet even the minimal standards of notice pleading set out in Rule 8(a) because it fails to provide notice of the claim to which the defendants are entitled under that rule. No defendant in this action could be expected to prepare a defense based on these disorganized, vague, and ambiguous allegations.

Even construing the complaint generously, plaintiff fails to allege any facts that would support his fraud or racketeering claims, let alone to meet the particularity requirement by Federal

---

[3] The court has reviewed these exhibits. The first twenty pages of Exhibit A—as with the first several pages of each exhibit—are part of a document entitled "CLAIM." The pages of the exhibits are unnumbered, and Exhibit A alone comprises well over 400 pages of documents. The documents appear to be in no particular order or to relate to any particular matter. Buried in these documents entitled "CLAIM" are further conclusory allegations, *i.e.*, that defendants Schroeder and Kite committed "commercial bribery," (Exhibit C, page 3); that "plaintiffs" (presumably Centera Bank, Santa Fe Trail Banc Shares, Inc., and Michael Stevens) filed a "false affidavit" in a proceeding in the Haskell County District Court (Exhibit D, at page 2–3); and that Kan. Stat. Ann. § 58-4301 is a "FRAUDULENT KANSAS STATUTE." *Id*. The exhibits suggest plaintiff's dissatisfaction with and possible paranoia concerning the handling of certain state court proceedings involving the defendant parties. But they offer no factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

-7-

Rule 9(b). Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (holding that Rule 9(b) applies to claims arising under the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, by requiring predicate acts based on fraud to be pleaded with specificity to provide clear notice of the factual basis of the predicate acts to defendants). Under Rule 9(b), a plaintiff must allege with particularity not only each element of a RICO violation, but also the predicate acts of racketeering. *Phillips USA, Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1993 WL 191615, at *2 (D. Kan. May 21, 1993) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992)). To properly allege the predicate acts, plaintiffs must specify the "who, what, where, and when" of *each* purported act. *Id.* (citation omitted). Plaintiff's complaint fails to meet this standard. He does not specifically identify any fraudulent statements or representations, let alone set forth the time, place, or contents thereof; he does not identify the maker of any false statements, or the consequences suffered thereby. These claims must be dismissed.

Plaintiff cannot proceed on a 42 U.S.C. § 1983 civil rights or constitutional claim against defendant Schroeder for allegedly refusing to set hearings for plaintiffs but not for defendants in some unspecified underlying state action. Defendant Schroeder is entitled to absolute judicial immunity for his handling of cases, and plaintiff offers nothing to suggest that the doctrine does not apply in this case. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). Moreover, to the extent plaintiff names defendant Schroeder in his professional capacity, monetary relief is barred. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002).

And plaintiff cannot proceed on § 1983 claims against the remaining defendants because they are private litigants. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Other than a

reference to the taking of property, plaintiff fails to allege what act or acts constituted a violation of his civil rights, or how these defendants were acting under color of state law. *See, e.g., Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005).

There is no private cause of action for "treason." *See*, *e.g.*, *Kaw Nation v. Springer*, 341 F.3d 1186 (10th Cir. 2003) (upholding dismissal where no private cause of action existed for violation of a criminal statute preventing the conduct at issue).

The court is unable to understand the basis for the relief sought, and is unable to discern any factual allegations that would plausibly entitle plaintiff to relief. Furthermore, the court is unable to determine how this complaint, even combined with the voluminous exhibits accompanying it, would provide the notice required under Rule 8 to any defendant in this action. The court finds that there is no logical construction of plaintiff's complaint from which to discern any cognizable claim. The court believes that any attempt to remedy the complaint would be futile. Assuming this court has the jurisdiction to do so, the court dismisses the action pursuant to Rule 12(b)(6) and § 1915(e)(2)(B). In light of this ruling, the remaining motions, including Kim R. Schroeder's Motion for Protective Order (Doc. 35); Plaintiff's Motion for an Emergency Injunction (Doc. 36); Plaintiff's Motion to Strike With A Request (Doc. 39); Plaintiff's Motion To the Court Clerk of the United States District Court for the District of Kansas (Wichita) For Default Order's [sic] (Doc. 42);Plaintiff's Motion for Protective Order (Doc. 47); Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 52); Plaintiff's Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion, and All Public Officers of this Court to Uphold Said Rights (Doc. 53); and Plaintiff's Motion for Emergency Protective Order (Doc. 55) are denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Doc. 25) and Plaintiff's

Motion to Strike With A Request (Doc. 32) are denied.

**IT IS FURTHER ORDERED** that Defendant Kim R. Schroeder's Motion to Dismiss (Doc. 17) and Defendants Centera Bank, Michael Stevens, Santa Fe Trail Bank Shares, Inc., and Aaron L. Kite's Motion to Dismiss (Doc. 27) are granted.

**IT IS FURTHER ORDERED** that Kim R. Schroeder's Motion for Protective Order (Doc. 35); Plaintiff's Motion for an Emergency Injunction (Doc. 36); Plaintiff's Motion to Strike With A Request (Doc. 39); Plaintiff's Motion To the Court Clerk of the United States District Court for the District of Kansas (Wichita) For Default Order's [sic] (Doc. 42); Plaintiff's Motion for Protective Order (Doc. 47); Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 52); Plaintiff's Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion, and All Public Officers of this Court to Uphold Said Rights (Doc. 53); and Plaintiff's Motion for Emergency Protective Order (Doc. 55) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for the reasons set out above.

Dated this 22nd day of July 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**