# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,            )
                             )
       Plaintiff,    )
                             )   CIVIL ACTION
v.                           )
                             )   No. 10-1069-CM
                             )
CENTERA BANK, SUBLETTE,      )
KANSAS, et al.,              )
                             )
       Defendants.   )
                             )

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings originating in Haskell County, Kansas. He alleged, among other things, that "the [Haskell County District] Court DECLARED WAR ON THE PLAINTIFF and called the PLAINTIFF a little green ALIEN FROM OUTER SPACE, and CUSSED at [plaintiff] on the PHONE." (Doc. 1, at 5–6.) Plaintiff attached several hundred unnumbered pages of exhibits; demanded that his "constitutional rights [be] given back"; and sought $53,432,171 in damages.

In a Memorandum and Order dated July 22, 2010, this court granted defendants' motions to dismiss pursuant to Rule 12(b)(6) and § 1915(e)(2)(B), finding that there was "no logical construction of plaintiff's complaint from which to discern any cognizable claim." (Doc. 56, at 9.) Despite liberal construction, the "vague, disorganized and ambiguous" allegations contained in the complaint, even combined with "voluminous exhibits," left the court "unable to understand the basis for the relief sought, and . . . unable to discern any factual allegations that would plausibly entitle plaintiff to relief." *Id*.

Despite the fact that this case is closed, plaintiff filed two additional motions on July 27, 2010: Plaintiff's Motion for a Restraining Order and Temporary Injuction [sic] Before the Trail [sic] (Doc. 59); Motion to the Court to Add Notice of Removal (Doc. 60). The first asks the court to "stop defendants from filing <u>FRIVOLOUS MOTIONS, HARASSMENT, ABUSIVE ACTIONS and RETALIATION</u>" (emphasis in original), and the second appears to request that the court permit plaintiff to add a document (a notice of removal) to the record in this case. Plaintiff has subsequently filed four "Notices" (Docs. 62–65.) These post-judgment filings have prompted motions to quash by certain defendants. (Docs. 66, 67.)

Although one defendant filed a short response immediately after the July 27 filings, the court need not have waited for one: the court lacks jurisdiction to review plaintiff's motions and/or notices, which are improperly filed in this closed case. The facts warranting the original dismissal have not changed, and plaintiff's current motions give the court no basis to reopen this case or to modify its outcome. There is no case or controversy before the court. If plaintiff disagrees with this court's orders in this case, then the proper recourse is an appeal. Alternatively, if plaintiff desires to file a new cause of action with *new* claims against defendants, plaintiff should initiate the filing of a new case through the clerk's office, in accord with Judge Belot's July 26, 2010 Memorandum and Order in Case No. 10-1079.

Plaintiff is cautioned, however, that further repetitious or frivolous filings, including those seeking reconsideration of the court's July 22, 2010 decision or otherwise seeking action concerning this closed case, may result in the imposition of sanctions against him or the restriction of future filings. The court is aware that plaintiff has filed additional federal cases: 10-1079-MLB, 10-1134-EFM, 10-1148-EFM, and 10-1156-CM, the latter of which has been dismissed by the undersigned

for reasons similar to those supporting the dismissal in this case. The court is concerned that plaintiff is abusing the judicial system by filing frivolous lawsuits and meritless motions. Filing restrictions are appropriate to curtail a "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). The court may "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted))

The court does not impose sanctions or restrictions at this time, having no record of exactly when plaintiff received notice of this court's July 22, 2010 Memorandum and Order dismissing the case. In fact, plaintiff's recently filed Notice With a Demand (Doc. 63) indicates that he may not have received a copy of the court's Order. Plaintiff is hereby directed, however, not to make any further filings in this case or the court will impose restrictions and/or sanctions.

**IT IS THEREFORE ORDERED** that all motions and notices filed after the date of the judgment entered and which remain pending, including Plaintiff's Motion for a Restraining Order and Temporary Injuction [sic] Before the Trail [sic] (Doc. 59); Motion to the Court to Add Notice of Removal (Doc. 60); plaintiff's Notice of Writ of Mandamus (Doc. 62); plaintiff's Notice With a Demand (Doc. 63); plaintiff's Notice of Writ of Mandamus (Doc. 64); plaintiff's Notice to Chief Magistrate Judge Karen M. Humphreys (Doc. 65); the bank defendant'' Motion to Quash "Writ of mandamus" (Doc. 66); and the bank defendants' Motion to Quash Plaintiff Gerald Wedel's Motion to the Court to Add Notice of Removal (Doc. 67); are dismissed for lack of jurisdiction and the case remains closed.

The Clerk is directed to mail to plaintiff a copy of this order, along with a copy of the court's July 22, 2010 Memorandum and Order.

Dated this 4th day of August 2010, at Kansas City, Kansas.

>**s/ Carlos Murguia**
>**CARLOS MURGUIA**
>**United States District Judge**