## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD RAY WEDEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1069-CM |
| ) | |
| CENTERA BANK, SUBLETTE, ) | |
| KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings originating in Haskell County, Kansas. He alleged, among other things, that "the [Haskell County District] Court DECLARED WAR ON THE PLAINTIFF and called the PLAINTIFF a little green ALIEN FROM OUTER SPACE, and CUSSED at [plaintiff] on the PHONE." (Doc. 1, at 5–6.) Plaintiff attached several hundred unnumbered pages of exhibits; demanded that his "constitutional rights [be] given back"; and sought $53,432,171 in damages.

In a Memorandum and Order dated July 22, 2010, this court granted defendants' motions to dismiss pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), finding that there was "no logical construction of plaintiff's complaint from which to discern any cognizable claim." (Doc. 56, at 9.)

Despite the fact that the case was closed, plaintiff filed additional motions on July 27, 2010 (Docs. 59, 60); and subsequently filed four "Notices" (Docs. 62–65), which prompted motions to quash by certain defendants. (Docs. 66, 67.) The court issued an order on August 4, 2010, dismissing these post-judgment filings for lack of subject matter jurisdiction. In that order, the court

cautioned plaintiff that "further repetitious or frivolous filings, including those seeking reconsideration of the court's July 22, 2010 decision or otherwise seeking action concerning this closed case, may result in the imposition of sanctions against him or the restriction of future filings." (Doc. 69.) The court declined to impose sanctions or restrictions at that time, however, because it had no record of exactly when plaintiff received notice of the court's July 22, 2010 Memorandum and Order dismissing the case. To ensure plaintiff's receipt of the August 4, 2010 Order and the previously-filed Memorandum and Order dismissing the case, this court directed the Clerk of the Court to mail to plaintiff copies of both the August 4, 2010 Order and the July 22, 2010 Memorandum and Order.

Since that time, the plaintiff has persisted in filing frivolous notices, motions, and demands. (Docs. 70–75.) However, in the absence of confirmation that plaintiff received this court's July 22 and August 4 Orders, the court dismissed those filings without imposing sanctions. (Doc. 76.)

Nevertheless, on August 16, 2010, plaintiff filed a 23-page "MOTION TO THE COURT TO SET THE COURT RECORD STRAIGHT FROM ORDER (EXHIBIT A and B) WITH THE TRUE FACT'S. SHOW OF FALSE STATEMENTS, BIAS AND PREJUDICE IN THE QUOTES IN THE ORDER'S, VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS TO DUE PROCESS CONST. AMENDS. #1, #5. #6, #7, #11 and #14. PLAINTIFF RESERVES THERE CONSTITUTIONAL RIGHTS TO PROVIDE ALL THE TRUE FACT'S AT A LATER DATE" (sic.). (Doc. 77). This document is accompanied by 134 pages of exhibits.

On August 17, 2010, plaintiff filed a five-page "MOTION TO THE COURT DEMANDING A COPY OF PROOF THAT PLAINTIFFS WERE NOTIFIED OF ALL TRAILS OR HEARINGS BEFORE ANY ORDER'S WERE ISSUED AND A COPY OF THE WRITTEN STIPULATION

FILED WITH THE COURT, THAT CONSENT TO TRAIL BY THE COURT SITTING WITHOUT A JURY" (sic.). (Doc. 78.)[1]

On August 23, 2010, plaintiff filed a four-page Motion to the Court of a Judicial Notice of the Following Issues, accompanied by five pages of exhibits. (Doc. 79.)[2]

At this time, the court is satisfied that plaintiff has received notice of both the July 22, 2010 Memorandum and Order dismissing the case, and the August 4, 2010 Order warning plaintiff of the possibility of restrictions and/or sanctions. The court would find that plaintiff's post-judgment filings are not only improper and without merit, they are frivolous, vexatious, and filled with nonsensical legal ramblings. They constitute an abuse of the judicial system and a waste of judicial resources.

Filing restrictions are appropriate to curtail a "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). The court may "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted)). Because plaintiff has disregarded prior warnings and continues to file frivolous motions and notices and documents—described as "vague, disorganized and ambiguous" and combined with "voluminous exhibits"—in this closed case against defendants, filing restrictions

---

[1] It appears that plaintiff believes the court's ruling on defendants' dispositive motions and dismissing the case as a matter of law pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) amounted to a trial without a jury of which plaintiff had no notice, and which plaintiff now challenges. Plaintiff was aware of and "responded" to the defendants' motions to dismiss. To the extent the court can construe this motion to be one for reconsideration, it is denied: the vague, disorganized, and implausible allegations contained in the complaint, even combined with the hundreds of pages of exhibits attached, utterly failed to state any cognizable claim.

[2] Among these issues, numbered (1) through (9), are allegations that the court's orders in this case are not "official issued" because they do not bear a "court seal," and that none of the orders "have a living person SIGNATURE." (Doc. 79, at 1.)

are appropriate. (Doc. 56.) *See also Greenlee v. United States Postal Service*, No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007). The court therefore makes the following order:

Plaintiff is prohibited from filing another document in this action, Case No. 10-1069-CM, unless he is represented by counsel or, if he proceeds *pro se,* unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiff shall have ten days from the date of this order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twelve days from the entry of this order. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing with this court after that ruling.

Given the frequency, redundancy, and sheer incomprehensibility of plaintiff's motions, and the number and volume of documents filed, these modest restrictions are more than appropriate to protect the limited resources of this court. These restrictions are subject to such future modification as this court determines may be necessary.

**IT IS THEREFORE ORDERED** that all motions and notices filed after the date of the judgment entered and which remain pending, including Docs. 77, 78, and 79, are dismissed for lack of jurisdiction and the case remains closed.

-4-

**IT IS FURTHER ORDERED that plaintiff is prohibited from filing another document in this action, Case No. 10-1069, unless he is represented by counsel or, if he proceeds *pro se*, unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.**

**IT IS FURTHER ORDERED that plaintiff shall have ten days from the date of this order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twelve days from the entry of this order and judgment. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing with this court after that ruling.**

The Clerk of the Court is directed to mail to plaintiff, by certified mail, a copy of this order.

Dated this 24th day of August 2010, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**