## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD RAY WEDEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1069-CM |
| ) | |
| CENTERA BANK, SUBLETTE, ) | |
| KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings. Plaintiff's allegations and the case history have been explained in previous orders and need not be repeated here. The pertinent facts are those related to plaintiff's frivolous filings and the imposition of filing restrictions.

On July 22, 2010, this court granted defendants' motions to dismiss pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), finding that there was "no logical construction of plaintiff's complaint from which to discern any cognizable claim." (Doc. 56, at 9.)

Despite the fact that the case was closed, plaintiff continued to file motions and notices (Docs. 62–65), which prompted motions to quash by certain defendants. (Docs. 66, 67.) On August 4, 2010, the court dismissed these post-judgment filings for lack of subject matter jurisdiction, and cautioned plaintiff that "further repetitious or frivolous filings, including those seeking reconsideration of the court's July 22, 2010 decision or otherwise seeking action concerning this closed case, [would] result in the imposition of sanctions against him or the restriction of future

filings." (Doc. 69.)

Since that time, the plaintiff persisted in filing frivolous notices, motions, and demands. (Docs. 70–75, 77–78.)

On August 24, 2010, the court found that plaintiff's post-judgment filings were not only improper and without merit, but that they constituted an abuse of the judicial system and a waste of judicial resources. (Doc. 80.) In that order, the court prohibited plaintiff "from filing another document in this action, Case No. 10-1069-CM, unless he is represented by counsel or, if he proceeds *pro se,* unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted." (*Id.*, at 4.) The court further ordered that

> Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

(*Id.*) Plaintiff had ten days to file any objections to the order.

On September 3, 2010, the court received PLAINTIFFS RESPONSE TO ANY AND/OR ALL ORDER'S ISSUED TO THE COURT CLERK AND SENT TO THE PLAINTIFF GERALD RAY WEDEL AND LETHA WEDEL, WITH NOTICE THAT ALL ORDERS ARE VOID AND WITHOUT ANY EFFECT FOR VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS TO DUE PROCESS [sic.] (Doc. 83).[1] Although plaintiff's response is much broader than the issue before the court, the court construes the response as plaintiff's objection to the filing restrictions.

---

[1] The response was filed on September 8, 2010, after the court reviewed it pursuant to the court's August 24 Memorandum and Order.

-2-

Plaintiff challenges this court's jurisdiction and argues that his due process rights have been violated because he did not receive a jury trial.[2] As previously mentioned, this court found plaintiff's complaint was subject to dismissal because it failed to state a claim upon which relief could be granted. Nothing in plaintiff's response changes the court's analysis or its ruling.[3] Further, plaintiff's response does not justify his frivolous post-judgment filings, nor does it set out cognizable objections to the restrictions imposed by this court's August 24, 2010 Memorandum and Order.

As the court explained in that order, filing restrictions are appropriate to curtail a "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). And given the frequency, redundancy, and sheer incomprehensibility of plaintiff's motions, and the number and volume of documents filed, filing restrictions are more than appropriate to protect the limited resources of this court. Plaintiff has not provided a reasonable justification for his voluminous post-judgment filings. Therefore, plaintiff's objection is overruled.

In accord with its August 24, 2010 Memorandum and Order, the court imposes the following filing restrictions upon plaintiff. **Plaintiff is prohibited from filing another document in this action, Case No. 10-1069-CM, unless he is represented by counsel or, if he proceeds *pro se*, unless he first provides <u>a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted</u>. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and**

---

[2] It appears plaintiff believes that he cannot appeal the court's judgment until he receives a jury trial; however, the court's judgment in this matter is a final judgment.

[3] To the extent any of plaintiff's post-judgment filings could be construed as a motion to reconsider, the court explained in its August 24, 2010 Memorandum and Order that such a motion would fail. (Doc. 80, at n.1.)

-3-

**determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.** These restrictions are subject to such future modification as this court determines may be necessary.

**IT IS THEREFORE ORDERED that plaintiff's objection (Doc. 83) is overruled.**

**IT IS FURTHER ORDERED that plaintiff is prohibited from filing another document in this action, Case No. 10-1069-CM, unless he is represented by counsel or, if he proceeds** *pro se,* **unless he first provides a <u>notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted</u>. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.**

The Clerk of the Court is directed to mail to plaintiff, by certified mail, a copy of this order.

Dated this 14th day of September 2010, at Kansas City, Kansas.

                 **<u>s/ Carlos Murguia</u>**
                 **CARLOS MURGUIA**
                 **United States District Judge**